Ronan Cohen (#167476)
644 Flint Ave
Long Beach, CA 90814
Tel: (740) 498 1820
E-Mail: ronancohen@yahoo.com

Attorney for Plaintiff,
YSN IMPORTS, INC

Gary A. Wolensky (#154041)
Kimberly A. Carasso (#185110)
Jamison E. Power (#261585)
HEWITT WOLENSKY McNULTY &
HICKSON LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, CA 92660
(949) 783-5050

James W. Ozog (#2130963)
WIEDNER & McAULIFFE, LTD.
1 N. Franklin Ave,, Suite 1900
Chicago, IL 60606
(312) 855-1105

Admitted *Pro Hac Vice*

Attorneys for Defendants,
ROTAREX NORTH AMERICA, INC.,
ROTAREX GROUP, and WATERTEC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSN Import, Inc., <br><br> Plaintiff, <br><br> v. <br><br> STOPFILLS SA, et al. <br><br> Defendants | CASE NO.2:13-03077-GAF (VBKx) <br><br> **[DISCOVERY MATTER]** <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), Defendants, Rotarex North America, Rotarex Group and Watertec/Stopfill ("Defendants") and Plaintiff YSN Imports, Inc. ("Plaintiff"), through their respective counsel of record, agree that good cause exists for the entry of protective order and confidentiality agreement. The parties anticipate that discovery in this action may require the parties to disclose product blueprints, materials lists and confidential research, development, or commercial information. To that end, the Court finds that good cause exists for entry of a protective order and confidentiality agreement in the above-captioned matter to prevent unauthorized disclosure and use of parties product blueprints, materials lists and other confidential information during and after the course of this litigation.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential"). Such stamping or marking will take place prior to production by producing party, or subsequent to selection by the receiving party for copying. The stamp shall be affixed in such a manner as to not obliterate or obscure any written matter. To the extent that information is provided electronically, the disclosing

party may designate that all or an identified portion of the electronic file is deemed subject to this protective order. Not every page needs to be marked confidential, a party may designate content as confidential as long as the content is clearly identified.

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Such as, documents of heightened commercial, economic, or competitive importance, including design plans or specifications, non-public product information, customer information or lists, current or future business plans, new product or business developments, proprietary engineering information, internal financial information, contracts (with distributors, licensors, retailers, developers, sales representatives or others), proprietary data, organizational information including organization charts, and pricing or cost information. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend (Subject to the same requirements as set forth above for Confidential designation). : "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only"). Such stamping or marking will take place prior to production by producing party, or subsequent to selection by the receiving party for copying. The stamp or designation shall be affixed in such a manner as to not obliterate or obscure any written matter.

3. All Confidential material shall be used by the receiving party solely for

purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

    4.    Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

        a.    Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

        b.    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

        c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

        d.    The Court and court personnel;

        e.    Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

        f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to,

court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    g.    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5.    Attorney's Eyes Only Material shall not be disclosed to anyone other than the following categories of persons:

    a.    Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c.    The Court and court personnel;

    d.    Subject to the notification requirements below, experts, advisors, and consultants (including persons directly employed by such experts, advisors and consultants) retained by any of the Parties or the Parties' counsel, but only to the extent necessary to perform their work in connection with this Litigation.

        i.    If a party or its counsel wishes to disclose Attorney's Eyes Only Material to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in any activity which competes with producing party, that party shall promptly notify producing party's counsel and include with such notification a copy of the proposed recipient's curriculum vitae, and the non-disclosure agreement attached as Exhibit "A" prior to disclosing any Attorney's Eyes Only Discovery material to that expert, advisor or consultant.

    ii. Within ten (10) business days of receiving such notification and curriculum vitae, producing party's counsel shall notify the party who wishes to make the disclosure whether it objects to the disclosure of Attorney's Eyes Only Discovery Material to the proposed expert. Any such objection shall be made in good faith and on reasonable grounds.

    iii. If an objection is made and not resolved, the confidentiality designation will remain and the Attorney's Eyes Only Material may not be disclosed to the expert, advisor, or consultant, for at least two weeks, giving the disclosing party the opportunity to formally dispute the designation pursuant to Paragraph 9 of this Order.

  e. The author or recipient of the Attorney's Eyes Only Material.

  f. Such persons as producing party's counsel shall consent to in writing before the proposed disclosure. Such written consent shall have the following effect:

    i. The identified Attorney's Eyes Only Material may be produced to the entity or entities specifically authorized in this Stipulation, provided that the entity or entities also provide the non-disclosure agreement attached as Exhibit "A";

    ii. The identified Attorney's Eyes Only Material shall in all other respects be treated as Attorney's Eyes Only Material subject to this Order; and

    iii. Producing party's written consent for an exceptional disclosure shall not be interpreted as a "de-designation" of the identified Attorney's Eyes Only Material, nor shall the identified Attorney's Eyes Only Material lose its confidential status as a result of this written consent.

  6. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such

41657                           STIPULATED PROTECTIVE ORDER

- 6 -

disclosure.

       7.    With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until two weeks days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript or the content of such transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

       9.    If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

       a.    A party may make a good faith challenge to a confidentiality designation within 14 days of receipt of the document.  Any party wishing to challenge the "Confidential" or "Attorney's Eyes Only" designation assigned by another party or other person with respect to any material shall give written notice of such objection to counsel for the designating party.  The parties shall then attempt to resolve such dispute in good faith on an informal basis, and pursuant to Local Rules 37-1 and 37-2, including the requirement that the parties file a Joint Stipulation concerning the matters in dispute.  In the event any objection to the designation is not first resolved by agreement of

41657                                                STIPULATED PROTECTIVE ORDER

counsel, it shall be the burden of the party requesting the "Confidential" or "Attorney's Eyes Only" designation to file the appropriate motion with the Court after counsel confer in good faith. Any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the party or person designating "Confidential" or "Highly Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" material, the original designation shall remain in full force and effect. All challenges to the propriety of a confidential designation must be made prior to 60 days before trial. If a "Confidential" or "Highly Confidential" document is produced within sixty (60) days before trial then the challenging party must challenge the designation immediately and not more than ten (10) days after the material is produced.

10. All requests to seal documents filed with the Court shall comply with Local Civil Rule 79-5.

11. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and taking up the matter with the judicial officer conducting the proceedings at the appropriate time.

12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning

the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

   13. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

   14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

   15. This Stipulated Protective Order and Confidentiality Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Stipulated Protective Order and Confidentiality Agreement is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.  No modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.

16. This Stipulated Protective Order and Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by written stipulation of the parties filed with and ordered by the Court.

17. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto, as well as materials containing attorney work product, for archival purposes, subject to the provisions of this Discovery Confidentiality Order. In lieu of returning all materials, a Certification from the attorney for the receiving party that all such materials have been destroyed shall be acceptable. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

18. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

SO ORDERED, this 28th day of October, 2013.

                                                           /s/
                                      Hon. Victor B. Kenton
                                      United States Magistate Judge

## STIPULATION

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

DATED:  October 21, 2013        RONAN COHEN


By:  /s/ Ronan Cohen
     Ronan Cohen
     Attorneys for Plaintiff

DATED:  October 21, 2013        HEWITT WOLENSKY McNULTY & HICKSON LLP

AND

WIEDNER & McAULIFFE, LTD.


By:  /s/ James W. Ozog
     James W. Ozog
     Attorneys for Defendants
     ROTAREX NORTH AMERICA, INC.,
     ROTAREX GROUP, and
     WATERTEC